**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL BARTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-00004-JSD |
| | ) | |
| AGT JACOB JENKINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Self-represented Plaintiff Michael Barton brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. On June 18, 2026, the Court granted Plaintiff's motion to proceed *in forma pauperis*, ordered an initial partial filing fee, and provided instructions on filing an amended complaint. ECF No. 4. Plaintiff has now paid the initial fee, and his Amended Complaint is before the Court on review under 28 U.S.C. § 1915(e)(2). Based on this review, the Court finds that Plaintiff fails to state an official capacity claim against defendant Jacob Jenkins—a Missouri Department of Conservation agent—because such a claim cannot be brought under § 1983 and because it is barred by the Eleventh Amendment. This claim will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). That said, the Court will direct the Clerk to issue process on Plaintiff's Fourth Amendment claim against Jenkins, in his individual capacity.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes

the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). But even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Amended Complaint**

Plaintiff brings his Amended Complaint pursuant to 42 U.S.C. § 1983 against Missouri Department of Conservation Agent Jacob Jenkins, in both his official and individual capacities. ECF No. 5 at 1-2. According to Plaintiff, Agent Jenkins used excessive force when arresting Plaintiff in 2023, causing permanent physical damage to his left hand and wrist.

The allegations in the Amended Complaint are as follows. Agent Jenkins conducted a "traffic stop" of Plaintiff on November 12, 2023, in Elephants Rocks State Park in Iron County, Missouri. *Id.* at 3. Jenkins asked Plaintiff to get out of his vehicle and get into the passenger side

of Jenkins's truck. Plaintiff complied, getting into the passenger seat, while Jenkins got into the driver's side of the truck. Once inside, Jenkins informed Plaintiff that he wanted "to go through [Plaintiff's phone]." Plaintiff responded that Jenkins needed a warrant to search his phone and that Jenkins did not have probable cause for a search. According to the Amended Complaint, Jenkins responded by yelling and cursing at Plaintiff. *Id.*

Plaintiff alleges that he then informed Jenkins that he "wasn't comfortable with him" and he wanted the state police present.[1] *Id.* at 4. Jenkins twice refused. Plaintiff opened the passenger door and told Jenkins that he would wait for the state police in front of his vehicle. Plaintiff claims that he was never told by Jenkins that he was "under arrest or being detained." As Plaintiff walked towards the front passenger door of his vehicle, Jenkins tased him in the back.

Plaintiff fell to the ground, and Jenkins cuffed his left wrist behind his back. At the time, Plaintiff was holding his phone in his left hand. Plaintiff alleges that Jenkins was "bending the cuff into [his] wrist." Plaintiff complained to Jenkins that he was "breaking [Plaintiff's] wrist," and Jenkins responded that he would break Plaintiff's wrist if Plaintiff did not let go of the phone. Plaintiff asserts that something then "popped" in his wrist, causing excruciating pain, and he released the phone. Jenkins then cuffed Plaintiff's other hand behind his back. Around this time, according to Plaintiff, the state police arrived and Jenkins "plugged" Plaintiff's phone into a state police computer.

In terms of injuries, Plaintiff alleges that Jenkins's "excessive force" during this incident caused permanent scarring to the top of his left hand and tendon damage in his left wrist. Plaintiff alleges that, as of the time this case was initiated—more than two years after the incident—Plaintiff still has constant hand pain, numbness in his left thumb, and difficulty lifting heavy objects and

---

[1] Missouri does not have state police. Plaintiff may be referring to the Missouri State Highway Patrol.

writing for long periods. At some point after the arrest, Plaintiff was told by a doctor that he may need surgery on his wrist. *Id.*

For relief, Plaintiff seeks $2.5 million in damages. *Id.* at 5.

**Discussion**

If *pro se* Plaintiff's allegations are accepted as true and liberally construed, as they must be at this stage, they sufficiently allege that Agent Jenkins used enough force when handcuffing Plaintiff to cause permanent damage to Plaintiff's left hand and wrist. As Plaintiff was not a convicted and sentenced prisoner at the time of arrest, the Court construes this claim under the Fourth Amendment.

**I. Individual Capacity Claim**

"The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018) (internal citation omitted); *see also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person"); *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen.") (internal quotations omitted). The violation of this right is sufficient to support an action under §1983. *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003).

When evaluating a Fourth Amendment excessive force claim under §1983, a court must consider whether the amount of force used was objectively reasonable under the particular circumstances and from the perspective of a reasonable officer on the scene. *Kohorst v. Smith*, 968 F.3d 871, 876 (8th Cir. 2020). Possible considerations include the severity of the crime at issue, whether the arrestee posed an immediate threat to safety, whether the arrestee was actively

resisting arrest, and any injuries resulting from the use of force. *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Crumley*, 324 F.3d at 1007).

Generally, the application of handcuffs does not amount to excessive force unless it results in more than minor injuries. *See Hanig v. Lee*, 415 F.3d 822, 824 (8th Cir. 2005) (citing *Crumley*, 324 F.3d at 1008). In *Crumley*, the Eighth Circuit held that the plaintiff had not been subjected to excessive force when handcuffed because she presented no evidence of long-term injury. 324 F.3d at 1008. According to the Court, "allegations of pain as a result of being handcuffed, without some evidence of more permanent injury," are not sufficient to support a claim of excessive force. *Id.* Later, the Eighth Circuit clarified that having only *de minimus* injury does not necessarily foreclose a Fourth Amendment excessive force claim. *Chambers v. Pennycook*, 641 F.3d 898, 906 (8th Cir. 2011). And in 2014, the Eighth Circuit held that "when a person is subdued and restrained with handcuffs, a 'gratuitous and completely unnecessary act of violence' is unreasonable and violates the Fourth Amendment." *Blazek v. City of Iowa City*, 761 F.3d 920, 925 (8th Cir. 2014) (quoting *Henderson v. Munn*, 439 F.3d 497, 503 (8th Cir. 2006)).

The allegations here are that Jenkins tased Jenkins from behind, causing him to fall to the ground. Jenkins handcuffed Plaintiff's left wrist behind his back and pushed the cuff down on Plaintiff's wrist with sufficient force to cause extreme pain and permanent tendon damage. According to Plaintiff's Complaint, this gratuitous use of force was intended to cause Plaintiff to drop his phone so that Jenkins could search it.

Given these allegations, such force does not appear to have been necessary for the arrest or detention of Plaintiff, who was subdued on the ground, unarmed, not actively resisting, and posing no safety risk to Jenkins or others. At this initial stage of review, these allegations are enough to state an excessive force claim against Jenkins in violation of the Fourth Amendment. *See Johnson v. Grisham*, 827 F. App'x 612 (8th Cir. 2020) (reversing preservice dismissal of excessive force

claim because it was not clear that "the allegations … have no arguable basis in law or fact"). Accordingly, the Court will direct that the Clerk issue process against Jenkins in his individual capacity.

## II. Official Capacity Claim

Plaintiff also brings this suit against Jenkins in his official capacity. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (internal citation omitted). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

Defendant Jenkins is an employee of the Missouri Department of Conservation. Naming a state official in his or her official capacity is the equivalent of naming the government entity that employs the official – the State itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). That said, "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights," *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008), but "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will,* 491 U.S. at 71. Thus, a § 1983 claim cannot be brought against the State.

In addition, in the absence of a waiver, the Eleventh Amendment[2] bars a § 1983 suit for money damages against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998); *see also Union Elec. Co. v. Mo. Dep't of Conservation*, 366 F.3d 655, 660 (8th Cir. 2004) (finding the Missouri Department of Conservation an arm of the State for Eleventh Amendment purposes). In this case, the only relief Plaintiff seeks

[2] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

is money damages, so his claim against Defendant Jenkins in his official capacity must be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

## Conclusion

Plaintiff's official capacity claim against Missouri Department of Conservation employee Jacob Jenkins does not state a cognizable § 1983 claim and is barred by the Eleventh Amendment. This official capacity claim will be dismissed under 28 U.S.C. § 1915(e)(2)(B). But the Court will direct that the Clerk of Court issue process on Plaintiff's Fourth Amendment claim against Jenkins in his individual capacity.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's official capacity claim against defendant Jacob Jenkins is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process on Plaintiff's Fourth Amendment claim against defendant Jacob Jenkins, a Missouri Department of Conservation employee, in his individual capacity. The Clerk of Court shall effect service of process by sending a waiver of service to the Missouri Department of Conservation's General Counsel.

**IT IS FURTHER ORDERED** that on the Court's own motion, the Clerk of the Court shall amend the caption of this case to read as follows:

Michael Barton, Plaintiff, v. Agent Jacob Jenkins, Defendant, Case No. 1:26-cv-00004-JSD.

The parties shall use the amended caption on all future filings.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall change the short title of this case to read "Barton v. Jenkins."

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 23rd day of November 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE